**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1510
_____

ZIYAO JIANG,
Appellant

v.

LIU YUAN; PUBLIC SECURITY DEPARTMENT OF BAISE CITY; NATIONAL
SECURITY AGENCY OF BAISE CITY; BAISE CITY BRANCH OF INDUSTRIAL
AND COMMERCIAL BANK OF CHINA; BAISE UNIVERSITY; BAISE HIGH
SCHOOL; CHANG SHA BANK; CIVIL AVIATION UNIVERSITY OF CHINA;
ADMINISTRATION FOR MARKET REGULATION OF BAISE CITY; BAISE CITY
HOSPITAL; BAISE CITY FOREIGN EXCHANGE ADMINISTRATION; YOUJIANG
MEDICAL UNIVERSITY FOR NATIONALITIES; MINISTRY OF PUBLIC
SECURITY OF P.R. CHINA; SHENZHEN CUMARK NEW TECHNOLOGY CO,
LTD.; KEQIANG LI; HONG CHENG; BAISE CITY BRANCH OF
COMMUNICATIONS BANK; INDUSTRIAL AND COMMERCIAL BANK OF
CHINA, JOINT-STOCK LIMITED
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00287)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2024)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

**PER CURIAM**

Ziyao Jiang, proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania that sua sponte dismissed his second amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2). We will affirm.

In his second amended complaint, Jiang alleged that he has "been a victim to defendants' illegal behaviors for decades." (ECF 26, at 3 of 14.) According to Jiang, an investigation by the CIA, the FBI, and Chinese government entities revealed that the defendants, all located in China, have falsely accused him of fraudulent stock trading, money laundering, drug dealing, stalking women, kidnapping nurses, "pretend[ing] to be a top political leader," and various other crimes and misdeeds.[1] The majority of Jiang's complaint was devoted to a convoluted method of calculating damages, which he asserted totaled over $200 billion.

The District Court dismissed the second amended complaint, holding that it was "deficient in both law and fact" because it "cite[d] no federal law[,]" "present[ed] no cognizable cause of action[,]" and lacked "any substantive argument or facts to support the bald-faced assertions." (ECF 29, at 3-4 of 4.) In addition, the District Court

constitute binding precedent.

[1] These allegations largely mirror those raised in the original and first amended complaints.

concluded that permitting amendment of the complaint would be futile.[2]  Jiang timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal is plenary.  See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

When, as here, a plaintiff proceeds in forma pauperis, a court may dismiss claims sua sponte if they fail to state a claim upon which relief may be granted and amendment would be inequitable or futile.  See 28 U.S.C. § 1915(e)(2)(B)(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Although we construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), we agree with the District Court that Jiang failed to state a claim on which relief may be granted.  Jiang invoked no cognizable causes of action, and his second amended complaint, which generally alleged that the defendants accused him of various kinds of wrongdoing, does not contain the required "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We also agree that, given the nature of Jiang's allegations, amendment of the second amended complaint would be futile.  See Grayson, 293 F.3d at 114.

---

[2] The District Court also dismissed as moot Jiang's motion for recusal, a subsequent motion to withdraw the motion for recusal, and a motion for leave to file a third amended complaint.  Jiang has not challenged those dismissals in his opening brief.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).

3

For the foregoing reasons, we will affirm the District Court's judgment.